IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RODOLFO MUNOZ** | § | |
| | § | |
| v. | § | No. A-12-CA-325 SS |
| | § | |
| **MIKE PEARCE,**[1] **Warden, FCI Bastrop** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Rodolfo Munoz's "Motion 28 U.S.C. § 2255 for Credit Time Served Under Due Process of Law Denied by B.O.P. Time Served Fifth Amendment" (Clerk's Doc. No. 1);[2] Respondents' Motion to Dismiss and/or In the Alternative, for Summary Judgment (Clerk's Doc. No. 5); and Petitioner's Reply (Clerk's Doc. No. 6).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

Rodolfo Munoz was arrested by the Drug Enforcement Agency in St. Louis, Missouri on April 23, 2008, and charged with conspiracy to possess marijuana with intent to distribute. Two

---

[1]The original defendant was Claude Maye. Mike Pearce succeeded Maye as the Warden of FCI Bastrop. Under FED. R. CIV. P. 25(d)(1) Pearce is automatically substituted as a party.

[2]When it ordered service of the motion, the Court stated that it would construe the motion as a petition for habeas corpus pursuant to 28 U.S.C. § 2241, because claims for credit toward a sentence address the computation and execution of the sentence rather than the sentence itself and thus must be raised under § 2241. *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994).

weeks later, on May 7, 2008, Munoz was indicted in the U.S. District Court for the Western District of Oklahoma for conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, and possession of over 1900 pounds of marijuana. Following the indictment, Munoz remained in custody in St. Louis until he was transferred to the custody of the United States Marshals Service ("USMS") on June 5, 2008. On June 17, 2008, the District Court for the Western District of Oklahoma issued an order setting conditions for his release, including a requirement that he maintain a residence at a halfway house or community corrections center.

Munoz remained on bond until August 24, 2009, when he was sentenced to 108 months imprisonment for interstate transportation in aid of racketeering, aiding and abetting, and using a communications facility to facilitate distribution of marijuana. Munoz surrendered to the Bureau of Prisons ("BOP") to serve his federal sentence on September, 24, 2009. Munoz was awarded 56 days of prior custody credit for the period of time from April 23, 2008, through June 17, 2008, while he was detained after his arrest in St. Louis before being released on bond. He was not given any credit for the time he spent in the halfway house—from June 18, 2008, through September 23, 2009—and he seeks that credit in this action.

Munoz previously filed suit in this Court making this same argument. *See Munoz v. Maye*, No. A-10-CA-960-SS. In that case, the undersigned recommended that the District Court deny Munoz's § 2241 application based upon case law defining "official detention" eligible for § 3585(b) pre-sentence custody credit as not including release on bail to a community corrections center. *Reno v. Koray*, 515 U.S. 50 (1995). Judge Sparks adopted that recommendation and denied Munoz's application for writ of habeas corpus under 28 U.S.C. § 2241. Munoz filed his Notice of Appeal on October 31, 2011. His appeal is still pending.

## II. ISSUE PRESENTED

Munoz again argues that he should receive pre-sentence custody credit for the period of time from June 18, 2008, through September 23, 2009, when he was released on bond but required to maintain a residence at the community corrections center. This time, he purports to raises the claim as a § 2255 motion. He contends that the sentencing court's failure to grant him credit for this time period deprived him of due process of law and violates the Fifth Amendment's prohibition on double jeopardy. Because of the nature of the relief Munoz is requesting, the Court previously ruled that the motion should be treated as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Clerk's Doc. No. 3. Respondent Maye asserts that Munoz's claims fail on the merits and are barred by res judicata.

## III. ANALYSIS

### A.   Standard of Review

Munoz filed his habeas petition pro se. "'[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, pro se pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se pleadings to less stringent standards than formal pleadings drafted by lawyers); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997); *see Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a pro se pleading to encompass any allegation which may raise a claim for federal relief.) Nevertheless, pro se litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Id.* A motion under 28 U.S.C. § 2255, by contrast, is the vehicle for attacking errors that occurred "at or prior to sentencing." *Id*.

### B.    Petitioner's Constitutional Claims

As noted, Munoz's claim is properly considered a petition under § 2241, given that he is seeking a time credit toward his sentence. But even if the Court treated the motion as a § 2255 action, Munoz would not be entitled to relief from this Court. A § 2255 motion must be filed in the court that sentenced the defendant. *Id.* Petitioner was sentenced in the Western District of Oklahoma. Accordingly, if he had a valid claim under § 2255, he would have to pursue that claim in the Western District of Oklahoma. Thus to the extent Petitioner attempts to challenge the validity of his sentence by asserting that the Oklahoma District Court violated his constitutional rights when it accepted his plea and denied his request for credit for time served while released on bond, this Court does not have jurisdiction over those claims and they should be dismissed. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

### C.    Request for Sentencing Credit for Time Spent on Bond

To the extent this action is based on a claim that Munoz was erroneously not credited for time he was required to remain in a halfway house while on bond, this claim fails. Judge Sparks has already rejected this claim in *Munoz v. Maye*, No. A-10-CA-960-SS, and Munoz fails to raise any new § 2241 argument not already considered and denied in the previous case. In short, relying on

4

*Reno v. Koray*, 515 U.S. 50, 52 (1995), Judge Sparks found that Munoz is not entitled to pre-sentence service credit for the time that he was released on bond because a defendant released on bail under restrictive conditions is not in official detention.

Because this Court does not have jurisdiction over Munoz's constitutional claims and has already determined that Munoz is not entitled to the additional credit that he is seeking here, Munoz's application for writ of habeas corpus should be dismissed.[3]

## IV. RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Judge **DISMISS** Rodolfo Munoz's Petition for Writ of Habeas Corpus.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that

---

[3] Alternatively, the Court could deny the petition on its merits under the doctrine of res judicata. Res judicata bars a subsequent action where: (1) the parties are the same in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983). A final judgment on the merits retains all of its res judicata consequences pending a decision on appeal except in the unusual situation in which the appeal involves a full trial de novo. *Prager v. El Paso Nat'l Bank*, 417 F.2d 1111, 1112 (5th Cir. 1969). The claims now before the Court meet all four criteria. Further, Munoz's due process and double jeopardy claims are barred, as they could have been advanced in the prior action. *Id.* at 561 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)) ( res judicata "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication" ).

party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of September, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE